Marvin J. HERSKOWITZ,
Plaintiff/Appellee,

v.

PILOT HOUSE MOTOR INNS, INC.,
and Al H. Thomas,
Defendants/Appellants.

Maurice GLUCKSTADT,
Plaintiff/Appellee,

v.

PILOT HOUSE MOTOR INNS, INC.,
and Al H. Thomas,
Defendants/Appellants.

Court of Appeals of Tennessee,
Western Section, at Jackson.

April 9, 1990.

Application for Permission to Appeal
Denied by Supreme Court
July 30, 1990.

J. Alan Hanover, William M. Walsh, Hanover, Walsh, Jalenak & Blair, Memphis, for plaintiffs/appellees Marvin J. Herskowitz and Maurice Gluckstadt.

Alan E. Glenn, Goodman, Glazer, Greener, Schneider, McQuiston & Kremer, P.C., Memphis, for defendant/appellant Pilot House Motor Inns, Inc.

David E. Caywood, Memphis, for defendant/appellant Al H. Thomas.

FARMER, Judge.

Judgments were entered against Pilot House Motor Inns, Inc. ("the Corporation") as a result of suits to collect the principal amounts of two notes executed by the Corporation plus interest as provided therein. The Corporation and one of its shareholders, who was allowed to intervene in this action, appeal.

Events leading up to the execution of the notes are that in early 1980, Al H. Thomas ("Thomas"), a practicing attorney in Memphis, contacted Marvin J. Herskowitz ("Herskowitz"), a businessman living in New York, and Israel Schmell ("Schmell"), Herskowitz's accountant, concerning the purchase of the Pilot House, a motel in downtown Memphis. These three parties, along with Schmell's partner, Leo Billett ("Billett") purchased all the outstanding stock of the Pilot House Motor Inns, Inc. in the following proportions: Herskowitz—45 percent; Thomas—45 percent; Billett—5 percent; and Schmell—5 percent. Herskowitz's stock was in his wife's name, as was Schmell's.

The Pilot House property was not in good condition and consisted of a garage of approximately 300 spaces and a 60 unit motel atop the garage. The parties recognized that a great deal of money would be needed to be put into the property immediately and thereafter to keep the mortgages, which were both delinquent, from being foreclosed and also to renovate the property. Herskowitz, Billett, and Schmell advanced to the Corporation approximately $600,000 of these needed funds, of which, 90 percent was advanced by Herskowitz and 5 percent each was advanced by Schmell and Billett.

At the time the advances were made, nothing was put in writing concerning the interest or repayment. Later, in November 1987, the Corporation issued demand notes for the advances made by Herskowitz, Schmell and Billett providing for interest at 15% per annum compounded monthly. Schmell and Billett assigned their notes and stock to Maurice Gluckstadt, Herskowitz's son-in-law.

On February 25, 1988 Herskowitz and Gluckstadt brought these two actions, which were consolidated for trial, based on the demand notes issued by the Corporation. Herskowitz and Gluckstadt contended that the interest rate on the notes was 15 percent per annum compounded monthly, that the notes and the interest were delinquent and unpaid, and requested that judgment be entered against the defendant, Pilot House Motor Inns, Inc. for the principal balance and interest due on the notes and attorney's fees as provided in the notes. Thomas intervened as a party defendant to protect his interest as a 45 percent stockholder in Pilot House.

Pilot House does not dispute that the principal indebtedness is owed, but con-

tends that there was never any agreement that interest would be paid on money advanced to the Corporation and that interest should therefore be calculated at the statutory rate of 10 percent from the date of demand. Thomas likewise contends that there was no agreement for the payment of interest, and further contends that the directors of the Corporation did not authorize the execution of the notes. As we view this matter, the events that transpired prior to the execution of the notes are not relevant unless the notes are invalid.

Thomas argues that the demand notes were not properly issued by the Corporation because of failure to comply with T.C.A. § 48–18–202. Trial exhibit 13 purports to be minutes of a special meeting of the board of directors of Pilot House Motor Inns, Inc. held in New York, New York on November 25, 1987 at 10:00 a.m. with Herskowitz, Renee Herskowitz, M. Sandy Herskowitz, and Sherry Gluckstadt, who comprised all the directors of the Corporation, present. Herskowitz admitted that all of the directors were not present. At this meeting, the minutes reflect the Corporation resolved to issue the demand notes, which are the subject of this litigation. All the directors signed exhibit 13 which stated:

> We, the undersigned directors, hereby ratify and confirm the actions reflected in the foregoing minutes and waive notice of time, place and purposes of the meeting.

Thomas argues, in essence, that this meeting and two other meetings of the directors were fabricated and that facts reported in these meetings that never happened do not become facts by merely executing minutes reciting the same. T.C.A. § 48–18–202 provides as follows:

> **Action without meeting.**—(a) Unless the charter or bylaws provide otherwise, action required or permitted by chapters 11–27 of this title [1] to be taken at a board of directors' meeting may be taken

without a meeting. If all directors consent to taking such action without a meeting, the affirmative vote of the number of directors that would be necessary to authorize or take such action at a meeting is the act of the board. The action must be evidenced by one (1) or more written consents describing the action taken, signed by each director in one (1) or more counterparts, indicating each signing director's vote or abstention on the action, and shall be included in the minutes or filed with the corporate records reflecting the action taken.

> (b) Action taken under this section is effective when the last director signs the consent, unless the consent specified a different effective date.

> (c) A consent signed under this section has the effect of a meeting vote and may be described as such in any document.

■ A corporate board may take action either at a meeting or, unless the charter or bylaws provide otherwise [2], without a meeting by consent. If the latter, the above statute provides the action of the board must be evidenced by written consents describing the action taken, signed by each director, indicating each director's vote or abstention, and shall be included in the minutes or filed with the corporate records. The action taken is effective when the last director signs, unless the consent specifies a different date. The consent has the effect of a meeting vote and may be described as such in any document.

■ An examination of the document describing the action taken on November 25, 1987, the authorization to execute the notes, reveals that it describes the action taken and is signed by each director. The vote of each director is indicated as the document states it was unanimous. As we have heretofore noted, the document further provides that each director ratifies and confirms the action described. Although

---

1. The act in effect at the time the notes were executed stated "this act."

2. The charter and bylaws are not in the record. Illegality or irregularity in the actions of the directors must be affirmatively shown by the party so alleging. Fletcher Cyc Corp. § 433 (Perm.Ed.).

the document purports to be the minutes of a directors' meeting, it meets the statutory requirements of action taken by consent without a meeting and properly authorized the Corporation to execute the notes which are the subject of this litigation.

■ Although the complaint seeks to recover on the notes, much of the evidence presented by the parties concerns the initial agreement which predated the notes and whether that initial agreement was for the payment of interest on the monies advanced. When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated as if they had been raised in the pleadings. Rule 15.02 T.R.Civ.P. The judgment entered by the trial court states:

> This cause came on to be heard upon the complaint, upon the answer of defendant Pilot House Motor Inns, Inc., upon the intervening petition of Al H. Thomas, upon the trial of this cause, argument of counsel, memorandum submitted by counsel, and upon the entire record in the cause; from all of which the Court is of the opinion that plaintiff Marvin J. Herskowitz is entitled to a judgment against defendant Pilot House Motor Inns, Inc. in the amount of $2,703,909.96 as of February 28, 1989.
>
> IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED that Marvin J. Herskowitz have and recover of defendant Pilot House Motor Inns, Inc. the sum of $2,703,909.96 as of February 28, 1989.

A similar judgment was entered in favor of Gluckstadt for $171,519.97.

Our review of this matter is de novo. Where the trial court makes findings of fact there is a presumption of correctness of those findings, unless the preponderance of the evidence is otherwise. Rule 13(d) T.R.A.P.

The record disclosed that Schmell, who was also the accountant for Pilot House, accrued interest on the funds advanced to Pilot House by Herskowitz, Billett, and Schmell, at a rate of 15 percent compounded monthly on all advances, except for funds advanced for the purchase of the Claridge Hotel, up until the fiscal year ending September 30, 1984.[3] Thomas testified that he knew that Schmell was accruing 15 percent interest beginning in 1980 on advances to Pilot House. Thomas also testified that he signed the corporate tax returns prepared by Schmell during this period that reflected the 15 percent interest accruals as a corporate debt. Also, trial exhibit no. 3 shows that on December 20, 1984 Herskowitz was paid $301,863 as interest on his advancement through April 30, 1983. Herskowitz reported this sum as interest from Pilot House on his tax returns.

Schmell testified concerning the interest rate:

> At the time we got into the deal we actually did not finalize the interest factor that would be charged on any loans that were advanced to the Pilot House and we, through the years we never finalized it.

Schmell also testified that he accrued interest "mainly for tax purposes plus the fact in those years whatever monies was owed to Marvin [Herskowitz] by Al Thomas, there was always a 15% factor that we used in straightening out between the two of them." Schmell also testified that it was advantageous for the corporation to accrue 15 percent interest on the loans for tax purposes and, as far as he knew, the accrued interest was still on the books of Pilot House. He stated that he stopped accruing interest from the advancements on the books because he took an asset of the corporation and gave it to Herskowitz to offset the loan that the corporation owed him. This was also done for tax purposes.

Even if the notes had not been authorized by the board of directors of Pilot House, our review of this record convinces us that the evidence preponderates in favor of a finding that the initial agreement between the parties was for the payment of

---

**3.** On this date a transaction occurred whereby Schmell transferred a Pilot House asset to Herskowitz to eliminate this debt. There was no corporate authorization for this transfer and it was subsequently reversed and the interest was accrued.

interest at 15 percent compounded monthly.

The judgments of the Chancellor are affirmed. Costs of this appeal are taxed one-half to appellant Pilot House Motor Inns, Inc. and one-half to appellant Al H. Thomas, for which execution may issue if necessary.

CRAWFORD and HIGHERS, JJ., concur.